UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KENNETH E. NELSON,

                Plaintiff,

v.                                   **DECISION AND ORDER**
                                        06-CV-535S

FIFTH THIRD BANCORP, ET AL.,

                Defendants.

       1. On August 10, 2006, Plaintiff Kenneth E. Nelson filed a Complaint against Defendants in this Court alleging breach of fiduciary duty, negligence and unjust enrichment, stemming from Defendants' alleged role as trustees of an estate. Jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332.

       2. On August 30, 2006, Defendants Paul V. Webb, Jr., and Anne H. Peterson filed a Motion to Dismiss. On September 5, 2006, the Fifth Third Defendants[1] also filed a Motion to Dismiss.[2] In response, Plaintiff filed a Cross Motion to Remand on October 5, 2006. For the following reasons, Defendants' motions are granted and Plaintiff's cross motion is denied.

       3. Both sets of defendants move to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and (2) of the Federal Rules of Civil Procedure on the ground that this Court lacks jurisdiction. First, both sets of defendants argue that this Court lacks subject matter jurisdiction because there is not complete diversity of citizenship among the plaintiff and

---

[1] The Fifth Third Defendants are Fifth Third Bancorp, Fifth Third John Doe and/or Fifth Third Jane Doe, Old Kent Financial Corporation, Old Kent Bank and Old Kent John Doe and/or Old Kent Jane Doe.

[2] The Fifth Third Defendants also filed a Motion for Extension of Time to file the Reply Affidavit of Peter J. Stautberg, which was mistakenly not included in the initial reply papers. This motion will be granted and this Court will consider the Stautberg Reply Affidavit.

defendants. In particular, Plaintiff and Defendants Paul V. Webb, Jr., and Anne H. Peterson are all citizens of the same state – New York. Plaintiff concedes that complete diversity is lacking, but argues that in lieu of dismissal, this case should be remanded pursuant to 28 U.S.C. § 1447(c).[3] (Plaintiff's Memorandum, p. 3.) However, § 1447(c) applies to cases that are removed to federal court from state court. This case was not removed, and therefore, § 1447(c) is inapplicable. Accordingly, this Court finds that dismissal of the Complaint for lack of subject matter jurisdiction is warranted and Plaintiff's cross motion for remand must be denied.[4] See 28 U.S.C. § 1332 (a)(1) (requiring that the parties be citizens of different states); Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, ___, 125 S.Ct. 2611, 2617, 162 L.Ed.2d 502 (2005).

4.      Second, the Fifth Third Defendants argue that dismissal is also appropriate because this Court lacks personal jurisdiction over them. On a motion to dismiss pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing that a court has personal jurisdiction over the defendant. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). Where a court declines to conduct an evidentiary hearing on such motion, a plaintiff need make only a *prima facie* showing of personal jurisdiction through affidavits and supporting materials. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriquez, 171 F.3d 779, 784 (2d Cir. 1999) (citing Marine Midland Bank v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)). Ultimately, "the plaintiff's prima facie showing, necessary

---

[3]In fact, Plaintiff's Complaint itself fails to allege complete diversity as Plaintiff, Defendant Paul V. Webb, Jr., and Defendant Anne H. Peterson are all alleged to be citizens of New York. (Complaint, ¶¶ 4, 9 and 10.)

[4]In light of the fact that it is undisputed that Defendants Paul V. Webb, Jr., and Anne H. Peterson must be dismissed because they, like Plaintiff, are citizens of New York, it is unnecessary for this Court to address these defendants' other arguments, such as that the state surrogate's court has exclusive jurisdiction, that federal courts routinely decline to exercise jurisdiction over probate issues, and that Plaintiff's Complaint fails to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).  Where the issue of personal jurisdiction is resolved on affidavits, the allegations are construed in the light most favorable to plaintiff, and all doubts are resolved in plaintiff's favor. A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

5. Here, Plaintiff argues that this Court may exercise personal jurisdiction over the Fifth Third Defendants because (1) the Fifth Third Defendants made regular contacts in their role as trustees via telephone and letters with the beneficiaries of the trust, who were in New York, and (2) an entity known as Fifth Third Wholesale Mortgage acts as a mortgage broker in New York.  Defendants argue that even assuming the existence of these contacts, they are insufficient to confer personal jurisdiction over the Fifth Third Defendants.

6. "Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits – subject of course, to certain constitutional limits of due process." Robinson, 21 F.3d at 510 (internal citations omitted). To resolve the issue of whether personal jurisdiction exists, a district court must apply a two-part analysis.  Bank Brussels, 171 F.3d at 784.  Specifically, the court must first determine whether there is jurisdiction over the defendant under the relevant forum state's laws. Metro. Life Ins., 84 F.3d at 567.  If personal jurisdiction exists under the forum state's laws, the district court must then determine if the exercise of such jurisdiction complies with federal due process requirements.  Id.

7. As such, this Court must first examine if the exercise of personal jurisdiction over the Fifth Third Defendants is appropriate under New York's long-arm statute. See, e.g., Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997); Whitaker v. Amer. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001). New York's long-arm statute, N.Y. C.P.L.R. § 302(a), authorizes the exercise of personal jurisdiction over non-domiciliaries in certain circumstances. The long-arm provision applicable in this case provides that a court may exercise personal jurisdiction over any non-domiciliary, who "commits a tortious act [outside] the state causing injury to person or property within the state, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." See N.Y. C.P.L.R. § 302(a)(3).

8. To determine whether there is injury in New York such that long-arm jurisdiction is appropriate, a court must generally apply a 'situs-of-injury' test, which asks the court to identify the "'original event which caused the injury.'" Whitaker, 261 F.3d at 209 (citing Bank Brussels, 171 F.3d at 791). The Second Circuit has consistently held that "[t]he situs of the injury is the location of the original event that caused the injury, not where the resultant damages are [subsequently] felt by the plaintiff." Whitaker, 261 F.3d at 209 (quoting Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990)); see also Herman v. Sharon Hospital, Inc., 522 N.Y.S.2d 581 (N.Y. App. Div. 1987) (holding in a medical malpractice case that the situs of the injury is the place where a plaintiff received medical treatment, not where the effects of the doctor's negligence are felt.).

9.      Here, none of the Fifth Third Defendants are alleged to be domiciliaries of New York.  Moreover, Plaintiff alleges that he suffered injury as a result of the Fifth Third Defendants' mismanagement of the trust assets.  However, he does not allege any acts taken by the Fifth Third Defendants in New York.  Even assuming that the Fifth Third Defendants acted negligently or otherwise mismanaged the trust at issue, they did so outside of New York, and thus the situs of Plaintiff's injury likewise falls outside of New York.  See Whitaker, 261 F.3d at 209.  This Court therefore finds that Plaintiff has failed to allege a New York injury or a "factual predicate sufficient to authorize jurisdiction" over the Fifth Third Defendants under N.Y. C.P.L.R. § 302(a).  Id.  As such, this Court finds that it cannot lawfully exercise personal jurisdiction under New York's long-arm statute.

10.     Even assuming that personal jurisdiction was permitted under New York's long-arm statute, "the Due Process Clause limits the exercise of jurisdiction to persons having certain 'minimum contacts' with the forum state." Computer Assocs. Int'l, Inc. v. Altai, Inc., 126 F.3d 365, 370 (2d Cir. 1997) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985) and Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)). Consistent with due process, a court may exercise personal jurisdiction only over a defendant whose "'conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' " Burger King Corp., 471 U.S. at 474  (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980)). Thus, to justify exercise of personal jurisdiction, there must be a requisite showing of "'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " Burger King Corp., 471 U.S. at 475 (quoting Hanson v. Denckla,

5

357 U.S. 235, 253, 78 S. Ct. 1228, 1239- 40, 2 L. Ed. 2d 1283 (1958)).  This Court finds that Plaintiff has failed to make this requisite showing.

11.    The telephone and letter contacts that Plaintiff alleges the Fifth Third Defendants had with the trust beneficiaries are insufficient to support personal jurisdiction under New York's long-arm statute.  Assuming that these contacts occurred with some degree of frequency, they nevertheless were insufficient to subject the Fifth Third Defendants to jurisdiction in New York because they were merely related to the carrying on of the trust, which had no relationship to New York other than the fact that the beneficiaries were domiciled there.  See Hanson v. Denckla, 357 U.S. 235, 251, 78 S.Ct. 1228, 1238-39, 2 L.Ed.2d 1283 (1958).

12.    Moreover, as to Plaintiff's argument that Fifth Third Wholesale Mortgage conducts business in New York and therefore the Fifth Third Defendants should be subject to suit there, it must be noted that Fifth Third Wholesale Mortgage is not related to the Fifth Third Defendants, other than through a mutual affiliation with Fifth Third Bancorp.  (Stautberg Reply Aff., ¶ 2.)  In fact, Fifth Third Bancorp, which Plaintiff has named as the institutional defendant in this case, is not the proper defendant since it is not the trustee of the trust at issue, and is simply a bank holding company.  (Stautberg Aff., ¶ 3.)  Plaintiff has offered nothing to contradict the Fifth Third Defendants' contention that non-party Fifth Third Bank, a Michigan-chartered bank, is the actual trustee of the trust at issue.  (Stautberg Aff., ¶ 4.)  In any event, none of the Fifth Third bank entities own property in New York, have operations in New York or are registered to do business in New York.  (Stautberg Aff., ¶¶ 5-9.)  Put simply, Plaintiff has not established that the Fifth Third Defendants have a sufficient presence in New York or have acted in such a way that would reasonably cause them to anticipate being subject to suit in New York.  Burger King Corp.,

6

471 U.S. at 474-75.  Consequently, Plaintiff's Complaint must also be dismissed as to the Fifth Third Defendants for lack of personal jurisdiction.

IT HEREBY IS ORDERED, that the Motion to Dismiss filed by Defendants Paul V. Webb, Jr., and Anne H. Peterson (Docket No. 14) is GRANTED.

FURTHER, that the Motion to Dismiss filed by the Fifth Third Defendants (Docket No. 15) is GRANTED.

FURTHER, that Plaintiff's Cross Motion to Remand (Docket No. 19) is DENIED.

FURTHER, that the Motion for Extension of Time filed by the Fifth Third Defendants (Docket No. 23) is GRANTED.

FURTHER, that the oral argument scheduled for Thursday, October 26, 2006, at 11:00 a.m. is CANCELLED as unnecessary.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   October 25, 2006
         Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge